ARTHUR E. POTTER vs. FREDERICK J. McLANE & others.

Bristol.    October 23, 1923. — January 7, 1924.

Present: RUGG, C.J., BRALEY, DeCOURCY, & PIERCE, JJ.

*Devise and Legacy*, Gift to survivor of class.

A testator, who owned real estate, by the first paragraph of a will executed
fifteen years before his death and forty-four years before the death of his
widow, gave the use and income of his property to his widow for life. By
the second paragraph, he gave all his property on the death of his widow
to " my children," naming six children, " to be divided equally between
them, share and share alike." By a paragraph denominated " Third,"
he provided that " in case any of my said children shall die leaving lawful
issue, then it is my will that such issues shall take their parents' share to
be divided equally between such issue share and share alike. But in case
any of my said children shall die leaving no lawful issue then it is my will
that such of my said children as shall survive him, her or them, shall take
such share or shares absolutely to be divided equally between them share
and share alike." At the death of the widow only one child of the testator,
a son, was living, four of them having died leaving issue, and a sixth, a son,
having died without issue and having devised his property to one of his
sisters, who also had died, leaving a son as her sole heir. *Held*, that the
interest in the real estate of the son of the testator who died before the
widow without issue did not pass by his will but passed by the will of his
father to the son who had survived the widow.

CONTRACT, with a declaration as amended upon an account
annexed for $641.52 for money had and received by the de-
fendant to the plaintiff's use, namely, " Part of purchase
price of certain real estate of plaintiff situated on Third
Street, Fall River, sold by defendant as agent for the plain-
tiff and others." Writ dated July 29, 1921.

The defendant by interpleader admitted his liability for
the sum claimed to the person or persons rightfully entitled
thereto, alleged that the fund was claimed by other parties
besides the plaintiff, and that he, the defendant, had no in-
terest in the subject matter of the controversy; he therefore
prayed that such other persons be summoned to defend,
namely, Virginia B. Paine, Frances S. Brown, Ida L. Brown,

Harry P. Brown, Charles D. Lee, Isadore B. Lee, John A. Lee and Thomas J. L. Brown.   The petition was allowed.

The action was heard by *Qua,* J., without a jury, upon an agreed statement of facts.   Material facts are described in the opinion.   The judge found for the claimant Thomas J. L. Brown in the sum of $1,069.21, without costs to any party. The record does not disclose the entry of a judgment, but shows a claim of appeal " from the rulings and judgment of the court " by the claimants other than Thomas J. L. Brown.

The case was submitted on briefs.

*L. E. Wood & I. Brayton,* for the plaintiff.

*R. P. Borden, J. H. Kenyon, Jr. & R. K. Hawes,* for the defendants other than McLane and Thomas J. L. Brown.

DeCourcy, J.   Joseph D. Brown, late of Fall River, died August 31, 1890, leaving a will dated August 20, 1875.   He had six children who were living on both of those dates. The will gave a life interest in all his property to his wife, Mary Thomas Brown, and then provided as follows:

" Second. And upon the death of my said wife, I hereby give, devise and bequeath absolutely all my said real and personal estate to my children, namely, my daughters, Susan E. Lee wife of John Lee of New Bedford in the Commonwealth of Massachusetts, Isadore C. Potter, wife of Caleb C. Potter of said Fall River, my sons, Charles F. Brown of Jacksonville in the State of Illinois, Eliphalet S. Brown, Benjamin B. Brown and Thomas Jefferson Lee Brown all of said Fall River to be divided equally between them, share and share alike.

" Third. And in case any of my said children shall die leaving lawful issue, then it is my will that such issues shall take their parents' share to be divided equally between such issue share and share alike.   But in case any of my said children shall die leaving no lawful issue then it is my will that such of my said children as shall survive him, her or them, shall take such share or shares absolutely to be divided equally between them share and share alike."

The widow died April 29, 1919.   She outlived all of said children excepting Thomas J. L. Brown.   Four of the deceased children, Susan, Isadore, Charles and Eliphalet,

left issue. The other deceased child, Benjamin, left no issue; and he devised the residue of his property to his sister Isadore. She died in May, 1918, intestate, leaving her son, the plaintiff Arthur E. Potter as her sole heir.

At the time of his decease the testator Joseph D. Brown owned a piece of real estate in Fall River. After the death of his widow, the defendant Frederick J. McLane sold it for the owners, and paid to the grantors five sixths of the net proceeds. The remaining sixth, $1,069.21, representing the alleged share of the son Benjamin, he paid into court; and filed a petition in the nature of interpleader, summoning in certain claimants to the fund. The controlling question is, What interest did the son Benjamin B. Brown acquire in said real estate under his father's will?

As was said by Hammond, J. in *McCurdy* v. *McCallum*, 186 Mass. 464, 469, " the cardinal rule in the interpretation of wills, to which all other rules must bend, is that the intention of the testator shall prevail, provided that it is consistent with the rules of law." That intention is to be collected from the words of the will itself, as read in the light of the attendant circumstances. When the whole will makes manifest the testator's intention, there is no occasion to invoke the aid of rules of construction. The will of Joseph D. Brown clearly indicates how he meant to dispose of his property. His first purpose was to give the use and income to his widow for life; and this he did by the apt language of paragraph " First." His next concern was for his six children; and by the " Second " paragraph the remainder after the widow's life estate was to go to them. If all of them had survived the widow, plainly they would have been entitled each to one sixth of the estate. But the will did not end here. While the record does not disclose the testator's age, or that of his wife, it does appear that fifteen years elapsed after the date of the will before he died, and almost forty-four years before his widow died. When the will was executed, in 1875, he naturally would assume that some of his children were likely to predecease the widow; as in fact five of them did. Accordingly he made provision for that contingency by the " Third " paragraph. First he provided

for those of his children who should die leaving issue, devising such share to the issue, by way of representation.   He then added the clause above recited, dealing with any of his children who should die " leaving no lawful issue, " giving such share to the testator's surviving children.   There is no dispute by the parties that both the " Second " and " Third " paragraphs are operative upon the death of the widow.   This last clause is directly applicable to the one sixth share which would have belonged to the son Benjamin B. Brown if he had survived the widow.   His death terminated whatever interest the will gave him, however that interest be technically described.   See *White* v. *Underwood*, 215 Mass. 299. The only child of the testator who survived the widow was the claimant Thomas J. L. Brown.   Accordingly, as we construe the last part of paragraph " Third " he alone is entitled to the proceeds of the one sixth interest in real estate which is in controversy.

It follows that the trial judge was right in finding for the claimant Thomas J. L. Brown in the sum of $1,069.21.   The parties do not desire to raise any question as to the form of action or pleadings.   The case is remanded for further proceedings to the Superior Court, where the fund now is. The action against the defendant McLane is to be discontinued and his costs charged upon the fund.   Judgment is to be entered in favor of the claimant Thomas J. L. Brown, in accordance with this opinion.   G. L. c. 231, § 40.

*So ordered.*