NEW ENGLAND MERCHANTS NATIONAL BANK OF BOSTON
*vs.* JOSEPHINE STANLEY KANN & others.

Suffolk.  March 7, 1973. — April 2, 1973.

Present: TAURO, C.J., REARDON, QUIRICO, KAPLAN, & WILKINS, JJ.

*Trust,* Modification, Termination.  *Equity Jurisdiction,* One seeking
  equity must do equity.

A court is without power to modify a trust in the absence of agree-
  ment of all parties in interest.  [427]
This court refused partially to terminate a trust as requested by the
  remaindermen charities, where those charities refused to agree
  to an equitable cost-of-living increase in the annuity of the sole
  surviving income beneficiary.  [428]

PETITION filed in the Probate Court for the county of
Suffolk on September 29, 1971.

The case was reported by *Wilson, J.*

*H. Burton Powers* for the petitioner.

*Mark A. Michelson* for Trinity Church & others.

*John L. Simonds* (*Charles S. Coit* with him) for Jose-
phine Stanley Kann.

*Lawrence J. O'Keefe,* Assistant Attorney General
(*Francis V. Hanify,* Assistant Attorney General, with
him) for the Attorney General.

TAURO, C.J.   A judge of the Probate Court reserved
and reported, without decision, the issues raised by this
petition in equity of the New England Merchants Na-
tional Bank of Boston as remaining trustee (trustee)
under the will of Annie F. Selfridge and the counterclaim
of the respondents Trinity Church, Massachusetts Gen-
eral Hospital and Episcopal Theological School (chari-
ties).  In essence, the petition seeks to modify the trust
by increasing the annual stipend payable to Josephine
Stanley Partridge (now Josephine Stanley Kann) the last
surviving annuitant under the will from $5,000 per an-

num to $14,034.25 [1] per annum and by a distribution to the charities of the net annual income after payment of the annuity and administrative expenses. The charities in their answer oppose the trustee's suggested modification of the trust and by their counterclaim seek instead a partial termination of the trust which would permit a transfer to the charities of so much of the principal as is not required to make annual payments of $5,000 to the remaining annuitant.

In its brief the trustee states that its "purpose in filing the equity petition for modification initially was to attempt to further what the petitioner believed to be the testatrix' primary intent, that is, the lifetime protection and comfort of her grandniece, the respondent annuitant Josephine Stanley Kann, by bringing about an agreement between all interested parties by which agreement what the petitioner believed to be testatrix' secondary intent, that is, that income be accumulated, would be partially sacrificed to permit current distribution of future excess income to the respondent remainder charities in exchange for the charities' consent to an immediate increase in the annuity to bring it more in line with purchasing power currently equivalent to that of the original 1932 annuity. This plan was acceptable both to the Attorney General . . . and to the annuitant . . . as evidenced by their original answers, but not to the remainder charities as evidenced by their counterclaim . . . asking for immediate distribution of the entire fund in excess of that required to support the annuity in its original unincreased amount."

Briefly, the pertinent facts are as follows. The petitioner is the sole remaining trustee under the will of Annie F. Selfridge allowed on July 11, 1935. The will

---

[1] The petitioner seeks an increase in her annual stipend "so that she will receive annually that amount which is the present economical equivalent of an annuity of $5,000.00 per annum at the date of the allowance of the testatrix's will increased in accordance with the Consumer Price Index published by United States Department of Labor adjusted for the difference in federal income taxes, namely, the amount of $14,034.25 per annum."

left the residue of the estate of approximately $450,000 in trust to pay the net income to a nephew (now deceased) and after his decease to pay from the net income $5,000 annually to a grandnephew and $5,000 annually to Josephine Stanley Partridge (now Josephine Stanley Kann) for their natural lives. The grandnephew died in 1969 and Josephine Stanley Kann is the only surviving annuitant.

The will further directs the "[t]rustees to add all income not required for the above payments to the principal of the trust . . . [and a]fter the deaths of . . . the longest liver of them . . . pay over the principal of said fund, together with any accumulated income thereon, free and discharged of all trusts" equally to the three named charities. The corpus of the trust has increased from approximately $450,000 in 1935 to its present value of approximately $1,870,000 from which an annual net income of approximately $48,000 is added to the principal.

During oral arguments, the trustee conceded that this court is without power to modify this trust as urged by the petition in the absence of agreement of all the parties in interest. *Potter* v. *McLane*, 247 Mass. 387. *Eustace* v. *Dickey*, 240 Mass. 55. *Rogers* v. *English*, 130 Conn. 332. Cf. *Springfield Safe Deposit & Trust Co.* v. *Stoop*, 326 Mass. 363. Since the charities' opposition to the requested modification prevents us from granting the trustee's request, its petition probably would have been discontinued (or dismissed) but for the counterclaim by the charities [2] which presents us with the only justiciable issue in this case.

The charities have argued with force (citing much authority for the proposition) that the court has the power to do what the charities seek by way of permitting a substantial termination of the trust in their favor.

---

[2] A counterclaim in an answer constitutes a separate and distinct cause of action. Thus, a defendant is entitled to a determination of his counterclaim even though there is a dismissal or a discontinuance of the original bill of complaint (or petition). *Callahan* v. *Mercantile Trust Co.* 188 Mass. 393, 398. *Shea* v. *Lexington*, 290 Mass. 361, 374.

*Weeks* v. *Pierce,* 279 Mass. 108, 116. *Ames* v. *Hall,* 313 Mass. 33, 37. The Attorney General (G. L. c. 12, § 8) urges that the trust should not be partially terminated as requested by the charities and that no part of the principal should be distributed to the charities until the death of the annuitant, Josephine Stanley Kann. In the circumstances of this case, we do not reach that issue. Assuming, without deciding, that we do have the power, we decline to exercise it.

The charities in their counterclaim are seeking equitable relief from this court yet they have refused to act equitably. In view of the particular circumstances of this case, we think that no persuasive and convincing reason has been presented by the charities for opposing an equitable increase in the stipend to the annuitant. In the circumstances of this case we believe the adjustment sought is fair and reasonable, especially in view of the fact that the annuitant is the last living survivor of the income beneficiaries of the trust. It is difficult to conceive on the record before us of any rational argument that such an adjustment would be contrary to the wishes of the testatrix. Moreover its effect on the charities who oppose the adjustment would be relatively insignificant. For these reasons, we decline to act favorably on the counterclaim for equitable relief by the charities. He who seeks equity must do equity. *Zaff* v. *Brown,* 265 Mass. 598, 600.

A decree shall be entered in the Probate Court dismissing the trustee's petition for modification and dismissing the counterclaim of the charities.

*So ordered.*