MARIA STUMPF, Respondent, v. FREDERICK STUMPF ET AL., Appellants.

### June 3, 1879.

1. Courts of equity have jurisdiction to enforce, reform, or annul agreements between husband and wife concerning her separate estate.

2. A conveyance by the wife of her separate estate to the husband, obtained through his false and fraudulent representations as to the effect of the conveyance, is void.

3. Fraud vitiates and annuls a conveyance obtained through its means, and equity will place the parties respectively in *statu quo*.

APPEAL from St. Louis Circuit Court.

*Reversed, and judgment for the respondent.*

J. M. & C. H. KRUM, for appellants.

WOOD & WHITNEY and M. KINEALY, for respondent, cited: *Daviess* v. *Daviess*, 4 Giff. 417; *Price* v. *Price*, 1 De G. M. & G. 308; *Sharpe* v. *McPike*, 62 Mo. 300; *Turner* v. *Turner*, 44 Mo. 536; *Caperton* v. *Wanslow*, 18 Texas, 125.

LEWIS, P. J., delivered the opinion of the court.

This suit is to set aside and annul two certain deeds, one of them being from the plaintiff, then a married woman, through her trustee, to an intermediate grantee, and the other being from the grantee to the plaintiff's husband, the defendant Frederick Stumpf, from whom she has since been divorced. The petition states that in February,

1869, the plaintiff was the wife of the defendant Frederick Stumpf, and was the equitable owner of certain real estate described, the legal title whereof was in the defendant Charles Blank, as trustee for her separate use and benefit; that she is of German birth, and had little or no knowledge of the language or laws of this country; that her husband, having formed a design to obtain a divorce and marry another woman, represented to her that by reason of his not owning real estate he was deprived of the privilege of sitting on juries, and of many other privileges and distinctions that pertain to a respectable citizen, and besought her, therefore, to cause the title of her property to be vested in him; that she, believing his representations, and moved by his entreaties, consented to do so upon condition that he would in a legal manner secure to her and her children the ownership of the property after his death; that her husband gladly accepted the condition, and undertook to have the proper instruments drawn up for a settlement of the title in the way that she desired; that a few days afterwards he brought to her a deed for her signature and acknowledgment, conveying her said real estate absolutely to the defendant Aloys Blank, and also a paper purporting to be his last will and testament, whereby the same property appeared to be devised to the plaintiff and her children; that the plaintiff was not able to read the English language, and relied wholly on the statements of her husband, who assured her that if she would execute the conveyance offered, Aloys Blank, the grantee therein, would at once convey the property to him, and that the effect of the instruments so executed, together with the will, would be to vest in her husband a life-estate in the property, with remainder to herself and her children; that the plaintiff, fully believing said representations, was induced thereby to execute the conveyance, and did so for no other consideration; that the so-called will was then delivered to her, and Aloys Blank, her grantee, conveyed the property to

said defendant Stumpf; that there was no money consideration for either of said conveyances; that the defendant Stumpf afterwards, upon sundry false pretences, obtained a divorce from the plaintiff, and married again; that he now denies the said condition and agreement upon which her conveyance aforesaid was executed, and asserts that he can revoke and cancel the said alleged last will and testament, and does intend to do so; that all the said defendant's representations, made as stated, before and at the execution of said conveyances, were false and fraudulent, and were falsely and wilfully made for the purpose of deceiving and defrauding the plaintiff and obtaining her property for the maintenance of himself and the woman he then knew and intended to marry, and afterwards married. The plaintiff prays that the two conveyances mentioned be set aside and declared null and void, and for other appropriate relief.

The answer of the defendant Stumpf, after a general denial, alleges that he purchased the property in question with his own money, in 1863; that in 1866 he caused such conveyances to be made as vested the title in Charles Blank, as trustee for the plaintiff; that the plaintiff, of her own free will, directed her trustee to reconvey the property to the defendant, intending thereby to reinvest him with the title of his own property. All the deeds mentioned were executed without any consideration paid. The answer also sets up in bar the decree of divorce between the parties. Upon final hearing, the court found the issues for the plaintiff, and decreed the setting aside of the deeds as prayed for, with a further decree that an estate for life in the property be vested in the defendant Frederick Stumpf, with the remainder in fee in the plaintiff and her two children. The plaintiff afterwards moved for a modification of the decree so as to omit the vesting of a life-estate in the defendant, and to restore possession to the plaintiff. This motion was overruled. The defendant's motion for a rehearing was overruled, and he appealed.

The testimony tended to prove substantially the material allegations in the petition. Some exceptions were saved by the defendant to the admission of testimony relating to the manner in which the defendant treated the plaintiff before and after the execution of the deeds. There was a relevancy in this testimony, as tending to show how the defendant influenced his wife to execute the deed, and what were his real motives in procuring it. The testimony about the labor and earnings of the plaintiff was perhaps irrelevant, but it was of slight consequence, and could not possibly harm the defendant's case.

The defendant urges that the deed from the plaintiff to the intermediate grantee was valid, and should not be disturbed, because it was founded on a sufficient consideration, viz., the love and affection of the wife for her husband. He further insists that the alleged agreement between the parties is entitled to no consideration, because husband and wife cannot contract with each other. Waiving the apparent inconsistency of these two propositions, we find that both may be easily disposed of. If love and affection were the sole consideration for the conveyance, it might be sufficient. But when it is in evidence that a different consideration was the moving one, and that without this the deed would never have been executed, the case is of another sort. If the moving consideration was a fraud and an imposition on the grantor, the deed must fail in equity because of the fraud. The testimony in this case was ample to show that the moving consideration with the grantor arose from the false representations of the ultimate grantee, which the grantor implicitly believed.

Although at common law the general rule annuls all attempted contracts between husbands and wives, yet the jurisdiction of courts of equity to enforce, reform, or annul an agreement between husband and wife concerning her separate estate is too well understood to need comment. 2 Story's Eq. Jur., sect. 1372.

There is no lack of authority for the general proposition that if a fiduciary relation exists between the parties to a contract, of which one knowingly avails himself to mislead the other by a misrepresentation of the legal effect of the contract, or if one party knowingly takes advantage of the other's actual ignorance of the law, to the same end, this will constitute a fraud against which equity will relieve. *Cooke* v. *Nathan*, 16 Barb. 342 ; *Price* v. *Price*, 1 De G. M. & G. 308 ; *Townsend* v. *Cowles*, 31 Ala. 428.

In the present case an application of the rule, in either alternative, is fully sustained by the evidence.  It appears that not only did the wife trust to the utmost the assurances of her husband that the will was effectual as an irrevocable conveyance of the remainder in fee to her and her children after his death, but that the defendant had previously, upon consultation with his scrivener, informed himself that he could at any time revoke the will, and thus defeat the remainder.   We find no error in the court's conclusions of fact from the testimony before it.

So much of the decree as vests in the defendant Stumpf a life-estate, with remainder to the plaintiff and her children, was not warranted by the principles of equity jurisprudence. The logical effect of the defendant's fraud should be to vitiate and annul the conveyance obtained by its means, and to place the parties, respectively, in *statu quo*.   It may be that the plaintiff would have been willing to convey to her husband a life-estate in the property, with remainder to herself and her children ; but she neither did so, nor attempted to do so.    Equity cannot make a new contract for her.    It may find that the one she is supposed to have made is not her contract by reason of the fraud which procured it ; and this leaves her without a binding contract or conveyance of any kind.

The judgment of the Circuit Court will be reversed, and a final decree will be entered here setting aside and cancelling the deed from the plaintiff's trustee to Aloys Blank,

and the deed from Aloys Blank to the defendant Frederick Stumpf, and restoring the title in the plaintiff's former trustee, Charles Blank, with like effect as if the said deeds, and each of them, had never been made or delivered. Judge HAYDEN concurs; Judge BAKEWELL not sitting.