CHARLES W. THIERRY, Appellant, v. JOHN J. SCHERRER, JR., and NATIONAL BANK OF COMMERCE OF ST. LOUIS, Executors of Last Will of CHARLES W. THIERRY, SR., and ANNIE FRANCES SCHERRER and MADAM CARRIE AGNES THIERRY.—3 S. W. (2d) 722.

Division One, March 3, 1928.

*John B. Reno* for appellant.

*William F. Smith* and *Thomas E. Mulvihill* for respondents.

GANTT, J.—Plaintiff filed suit in the Circuit Court ·of the City of St. Louis on May 18, 1923, to partition the following described land:

"The western thirty-seven feet and six inches in lot 34 in Mount Cabanne Addition and in City Block 4841 of St. Louis, Missouri, fronting thirty-seven feet and six inches on the south line of Cabanne Avenue by a depth southwardly of 150 to an alley fifteen feet wide; subject to restrictions, etc., recorded in Book 856, page 221.

"Lots number 45 and 46 in block number 3 of the Laclede Race Track Subdivision and in block 3974 of the city of St. Louis, having together a front of fifty feet on the north line of Swan Avenue by a depth northwardly of one hundred thirty-two feet and six inches, more or less.

"A lot in block number 7 of Payne's Tower Grove Park Addition, in City Block 4103 as per plat of said addition attached to Commissioner's Report of record in the Recorder's Office of said City of St. Louis in Book 420 at page 234, and described as follows: Commencing at a point on the north line of Botanical Avenue, distant one hundred and fifty feet west of its intersection with the west line of Alfred Avenue, running thence northwardly and parallel to said west line of Alfred Avenue one hundred and eighty-six feet to a point, thence westwardly and parallel to said north line of Botanical Avenue fifty feet to a point, thence southwardly and parallel to the said west line of Alfred Avenue one hundred and eighty-six feet to the north line of Botanical Avenue, thence eastwardly along said north line of Botanical Avenue fifty feet to the place of beginning. The northern thirty feet of the above-described lot is to be used as a private street, laid out for the exclusive use and benefit of the present and future owners of lots in said Tower Grove Park Addition, subject to restrictions contained in deed recorded in Book 1508, page 103.

"Lots number 26, 27 and 28 in City Block number 2079 of the city of St. Louis, said lots having a front of eighty-five feet eight and three-quarters inches on the west line of Pennsylvania Avenue by a depth westwardly of one hundred and twenty-five feet and two inches and being bounded north by lot number 25, east by Pennsylvania Avenue, south by the north line of Labadie & Lynch Addition in said block, and west by an alley twenty feet wide. Subject to restrictions contained in deed recorded in Book 1493, page 513."

The petition states that plaintiff and defendants Annie Frances Scherrer and Madam Carrie Agnes Thierry are the children of Annie Thierry, who died intestate on May 21, 1920, and Charles W. Thierry, Sr., who died testate on October 1, 1922; that the mother, Annie Thierry, at the time of her death owned the above-described land, and that plaintiff and his sisters inherited the land from her; that upon the death of the mother he became a tenant in common with his sisters; that he has an undivided one-third interest and that the other parties claim an interest and are made parties hereto by reason thereof, the extent and measure of said interest being unknown to plaintiff. Wherefore, plaintiff prays that the interests of the parties be adjudged and partition made, etc.

The answer states that the mother, Annie Thierry, at no time owned an interest in the land; that upon her death plaintiff did not become a tenant in common with his sisters, and that plaintiff does not own an undivided one-third interest or any interest whatsoever; that Annie Frances Scherrer owns the whole interest by virtue of the will of her father, who devised to her all his land; that Madam Carrie Agnes Thierry is a member of the Order of the Sacred Heart, and, as such, is not permitted to own property; that the father left her one dollar and no more for this reason and for the further reason that he had expended a large sum of money on her education; that the title to and the beneficial ownership of the land were, as between Charles W. Thierry, Sr., and Charles W. Thierry, Jr., an issue in a former suit in the Circuit Court of the City of St. Louis, wherein Charles W. Thierry, Sr., was plaintiff, and Charles W. Thierry, Jr. (plaintiff herein), was defendant; that the trial court judicially determined in that cause that the mother, Annie Thierry, had no interest in the land; that Charles W. Thierry, Sr., was the owner of the fee-simple title to the land described in plaintiff's petition herein; that the proceedings had in said cause in the trial court, and in this court on appeal, are a final judicial determination of the title to the land; that the issues and questions involving the title to the land are now *res judicata*, and that by reason thereof plaintiff is estopped from the further prosecution of this suit.

The reply was a general denial, together with a plea that the matters and things referred to in the answer as adjudicated in the former suit are not binding on the plaintiff herein and do not constitute *res judicata*, for the reason that Annie Thierry, deceased, was not a party to said suit, though living at the time the suit was instituted; that the matters and things therein alleged to have been adjudicated are not binding on her and her heirs, and are null and void in that the decree therein referred to constituted a taking of property without due process of law in violation of Section 3, Article II, of the Constitution of Missouri, and Section 1 of the Fourteenth Amendment to the Constitution of the United States.

The court found the issues in favor of defendants and denied partition. Plaintiff appealed.

The pleadings are not challenged, and the facts are as follows:

For years Charles W. Thierry, Sr., engaged in the plumbing business in the city of St. Louis, and, in a limited way, bought and sold real estate. The title to most of the land purchased was carried by him in the name of his wife, Annie Thierry, but he paid for the land with his own money, controlled the property and collected the rents. It is admitted the wife had no money, and the evidence in the suit of Thierry, Sr., v. Thierry, Jr., tended to show he carried the titles in his wife's name to disqualify himself as a bondsman for building contractors with whom he had large dealings. On July 27, 1910, Charles W. Thierry, Sr., and his wife, Annie, deeded the land in question to Charles W. Thierry, Jr., for a consideration of one dollar. On October 17, 1919, Thierry, Sr., brought suit in equity against Thierry, Jr., to set aside the deed and to vest the title in Thierry, Sr. It was alleged that Thierry, Jr., had by fraud and deceit induced his father to execute the deed; and it was further alleged that Annie Thierry, prior to the conveyance to Thierry, Jr., had no interest in the land and held title to same in trust for Thierry, Sr. Trial was had and, on January 22, 1921, the cause was submitted, taken under advisement and, on February 7, 1921, the following decree was entered in favor of plaintiff, Charles W. Thierry, Sr.:

"Now, on this 7th day of February, 1921, this cause having heretofore come on to be heard, upon the amended petition, answer and reply, and the proofs taken therein; and the court having heard the respective parties thereto, and having duly considered the same, and taken same as submitted, doth find this day that the allegations of the petition are true, and doth find the issues herein joined in favor of the plaintiff, and that the plaintiff is entitled to the relief prayed for, and that the court doth thereupon order, adjudge and decree that the deed, dated the 27th day of July, 1910, from Charles W. Thierry, Sr., and Annie Thierry, his wife, to Charles W. Thierry, Jr., all of the city of St. Louis, Missouri, and duly recorded in the Recorder's Office of the City of St. Louis in Book 2429, page 18, on the 28th day of February, 1911, conveying from the said Charles W. Thierry, Sr., and Annie Thierry, his wife, to the said Charles W. Thierry, Jr., the following described real estate situated in the city of St. Louis, State of Missouri, to-wit: [Here follows description of land as in plaintiff's petition in the instant case.]

"Be and the same is hereby canceled and set aside and for naught held, and that all the right, title and interest acquired by the said Charles W. Thierry, Jr., and Helen M. Thierry, his wife, by virtue of, or by, through or under said deed, be and the same is hereby divested out of the said Charles W. Thierry, Jr., and Helen M. Thierry, his

wife, and the fee-simple title to the foregoing described real estate be and the same is hereby fully, completely and effectively vested in the plaintiff Charles W. Thierry, Sr.

"And it is further ordered and adjudged that the plaintiff have and recover of the defendants, Charles W. Thierry, Jr., and Helen M. Thierry, his wife, the cost of this proceeding, and that execution issue therefor."

Defendant Charles W. Thierry, Jr., appealed, and this court affirmed the judgment April 6, 1923. [298 Mo. 25, 249 S. W. 946.] In that opinion will be found a detailed statement of the facts.

The only question for solution on this record is the issue of *res judicata*. This calls for a consideration of the pleadings in the former case of Thierry, Sr., v. Thierry, Jr., et al.

In the petition in that case it was charged that the defendant Thierry, Jr., by fraud and deceit, induced plaintiff Thierry, Sr., to execute a deed conveying the land in question to Thierry, Jr. In addition, it is alleged that the title to some of the land in question at the time the deed was executed and for a long time prior thereto was carried in the name of Thierry, Sr., and his wife, Annie, and the title to the balance of the land was carried in the name of the wife, Annie— all for the use and benefit of the plaintiff, Thierry, Sr.; that said land had been purchased by Thierry, Sr., with his own money and that his wife Annie had no funds with which to purchase said land; that during all the time the title to said land was so held he had the exclusive possession and control of the same, collected all the rents and paid all the taxes; that his wife Annie claimed no interest in the land; that he carried the title to said land in the manner aforesaid for convenience, and that his wife Annie at all times executed deeds conveying the land at his request.

Defendants Thierry, Jr., and his wife, Helen M., answered by a general denial and that the court was without jurisdiction to grant the relief prayed for in the petition, for the reason Annie Thierry, wife of plaintiff, was a necessary party; that it appeared from the face of the petition that Annie Thierry was united in interest with the plaintiff in the several properties sought to be affected by the relief prayed for by plaintiff, and more particularly by the deed of conveyance under date of July 27, 1910, purporting to convey title to the properties in question to defendant, Thierry, Jr.; that the interest of plaintiff and Annie Thierry were and are joint, and that by reason of said joint interest Annie Thierry is a necessary and indispensable party; that for a long time prior to July 27, 1910, plaintiff sought to induce his wife Annie, who held title to the Cabanne Avenue property, to consent to a sale thereof, but that said Annie Thierry constantly refused to consent; and thereupon in order to defraud said Annie Thierry out of all right, title and interest in and to

the same, plaintiff, without the knowledge, consent or acquiescence of defendant Charles W. Thierry, Jr., prevailed upon his wife Annie to unite with him in the execution of the instrument of July 27, 1910, whereby all the properties described in plaintiff's petition were transferred to defendant Charles W. Thierry, Jr., absolutely, by a general warranty deed with the purpose, intent and design on the part of plaintiff to prevail upon defendant Charles W. Thierry, Jr., to execute conveyances of said properties at his request and to the end and purpose and with the design and object that said Annie Thierry would be deprived of dower or other interest in said properties; that in furtherance of said scheme, design and plan to thus cheat and defraud his wife Annie he prevailed upon defendant to execute the two conveyances mentioned in plaintiff's petition and appropriated the consideration thus received to his own uses and without the consent, knowledge or acquiescence of his wife Annie and without allowing her any share or participation therein.

Defendants further answered that the plaintiff in causing the title to the properties in question to be conveyed to his wife Annie thereby intended to and did give to her the absolute fee-simple title to said properties.

Defendants further answered that plaintiff held out defendant Charles W. Thierry, Jr., as the sole and only owner of the properties and as having acquired title thereto by virtue of the deed of July 27, 1910, and by word, act and conduct induced his wife, Annie Thierry, to believe and act in the belief that defendant was the sole and only owner and the only person having any beneficial interest therein, and hence is now estopped by his conduct from asserting the facts and matters set forth in plaintiff's petition, for the reason that Annie Thierry has died since the beginning of this suit, and that at the time of bringing said suit she was confined in St. Anne's Home for the aged and infirm, suffering from senility and mentally unable to understand and comprehend the ordinary business affairs of life.

The reply of plaintiff was a general denial.

A full statement of the pleadings in the former case will be found in Thierry v. Thierry, 298 Mo. 25, 249 S. W. 946.

Plaintiff contends the court was without authority in the former suit to vest title to the land in Charles W. Thierry, Sr., for the reason neither Annie Thierry nor her heirs were parties to the suit, and therefore did not have their day in court. On this question the rule is as follows:

"A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a domestic court of competent jurisdiction, is conclusively settled by the judgment thereon, so far as concerns the parties to that

action and persons in privity with them, and cannot be litigated in any future action between such parties or privies, in the same court or any other court of concurrent jurisdiction.'' [34 C. J. 868, par. 1282, and Missouri cases cited.]

The former suit was one in equity to cancel a deed and to adjudge the title to the land to be in plaintiff. The instant suit is for partition of the same land. The causes of action are different, but if the question involved in the instant case was litigated between the parties or privies in the former suit it is *res judicata*.

Plaintiff does not claim the title to the land as between Charles W. Thierry, Sr., and his wife, Annie Thierry, was not an issue in the former suit, but claims that she and her heirs should have been made parties defendant. He seems to contend that his mother, Annie Thierry, should have been made a party defendant at the time the suit was instituted. The suit was filed prior to November 8, 1919, for on that date the court overruled a demurrer to the petition. On May 10, 1920, defendants filed answer. On May 21, 1920, the mother, Annie Thierry, died. On October 6, 1920, plaintiff filed an amended petition. On December 14, 1920, defendants refiled answer. On December 20, 1920, defendants filed an amended answer to the amended petition. It will be noted that defendants filed two answers after the death of the mother, Annie Thierry, and it was alleged in the last amended answer, filed some months after her death, that the court was without jurisdiction to determine the title as between Charles W. Thierry, Sr., and his wife, Annie Thierry, because she was not a party to the suit. Plaintiff was a party defendant in the former suit from the beginning. When his mother died intestate his status as one of her heirs was fixed. Therefore at the time of the trial and for some months prior thereto he, one of her heirs, was a party defendant in the former suit. His sisters were not parties to the suit, but as to this he is not concerned. They are not complaining because they were not parties to the suit. It being admitted that the title to the land as between the mother and father was an issue in the former suit; that the question was judicially passed upon and determined; and it conclusively appearing that the plaintiff herein was an heir at the time of the trial and for some time prior thereto, it follows that he has had his day in court and is bound by the judgment in the former suit adjudging the title to the land to be in Charles W. Thierry, Sr.

In this connection it is argued that the authority of the trial court in the former suit was limited to cancelling the deed and placing the parties *in statu quo*.

Attention is directed to Stumpf v. Stumpf, 7 Mo. App. 272, and Mays v. Pryce, 95 Mo. 603, 8 S. W. 731, as supporting this contention. In those cases the only issue tendered was fraud and deceit in in-

250

ducing plaintiff to execute the deeds. For this reason it was ruled the court was without authority to vest the title and that it could only cancel the deeds. In the former suit both fraud and deceit and the ownership of the land were issues under the pleadings. The cases are not in point; and the contention is overruled.

It follows the judgment should be affirmed. It is so ordered. All concur.