HENRY S. HYDE & another, trustees, *vs.* ALICE S. WASON
& another.

Hampden. Jan. 5. — Oct. 26, 1881. FIELD, DEVENS & ALLEN, JJ., absent.

A testator gave to his son G. the income of certain stocks during his life, "the
principal of said stocks to be held by my executors during his life, and at his
decease I give the same to his child or children who shall survive him, provided
that, if my said son shall leave his wife surviving him, then his said wife shall
be entitled to her support out of the same so long as she shall remain his
widow." G. died after the testator, leaving a widow and infant child, of whom
she was appointed guardian and gave bond. The executors declined to act
as trustees, and trustees were appointed. *Held*, that they had the right to ask
the instructions of the court as to the construction of the will and their duties
under it; that the trust terminated by the death of G.; and that the trustees
had no interest in the questions of the fitness of the widow as guardian, or the
sufficiency of her bond, or as to the amount which should be allowed her for
her support, and had no right to ask the instructions of the court thereon.

BILL IN EQUITY against Alice S. Wason and Ernest W.
Wason, by the trustees under the will of Thomas W. Wason,
for the instructions of the court. Hearing before *Soule*, J., who
reserved the case for the consideration of the full court. The
facts appear in the opinion.

*N. A. Leonard*, for the plaintiffs.

*A. A. Ranney*, for Alice S. Wason.

*H. W. Bosworth*, for Ernest W. Wason.

MORTON, J. Thomas W. Wason died in August 1870, leav-
ing a will which contains the following provision:

" To my son, George T. Wason, I give and bequeath the
income of my Boston and Albany Railroad stock and the income
of one half of my stock in the Wason Manufacturing Company,
during his life, the principal of said stocks to be held by my
executors during his life, and at his decease I give the same to
his child or children who shall survive him, provided that, if my
said son shall leave his wife surviving him, then his said wife
shall be entitled to her support out of the same so long as she
shall remain his widow."

The executors named in the will were qualified as executors,
but declined to act as trustees, and, in December 1870, the
plaintiffs were duly appointed trustees under the will, and have
since then held and administered the trust fund. George T.

Wason died in February 1880; and the question then arose whether the trust was terminated by his death, or continued during the life of his widow. Upon this question, involving the construction of the will and the duties of the trustees under it, the plaintiffs have the right by a bill in equity to seek the instructions of the court. *Taggard* v. *Piper*, 118 Mass. 315. *Treadwell* v. *Cordis*, 5 Gray, 341.

Upon the true construction of the will, we are of opinion that the trust terminated at the death of George T. Wason. It expressly provides that the principal of said stocks shall be held by trustees during his life, and then gives the same, that is, the principal, to his child or children. If the will had stopped here, there would be no room to question the right of the child of George to receive the principal discharged of any trust. The additional provision that the widow of George should be entitled to her support out of the fund bequeathed, is not sufficient to justify the inference, against the clear language of the bequest, that the testator intended that the principal, in whole or in part, should be held by trustees during the life of the widow. The will does not provide for trustees after the death of George. The legacy to his child is given generally; the effect of the subsequent provision is to impose upon the legatee the trust or duty of supporting his mother. If he should neglect this duty, she could enforce it by a proper bill in equity. *Chase* v. *Chase*, 2 Allen, 101. *Warner* v. *Bates*, 98 Mass. 274. The facts stated in the report, that the legatee is now an infant, that his mother is his guardian and has given a bond in a comparatively small sum, cannot affect the construction of the will, and are immaterial in this case. If any questions arise as to her fitness as guardian, or the sufficiency of her bond, they must be considered in the Probate Court upon proper proceedings there instituted.

The trust having terminated, the plaintiffs as trustees have no interest in these questions, nor in the question as to the amount which should be allowed the widow for her support, and have no right to ask the instructions of the court thereon. The only remaining duty of the trustees is to transfer the principal of the trust fund in their hands to the duly appointed guardian of the infant son of George T. Wason.          *Decree accordingly.*