MOSES WILLIAMS, trustee, *vs.* CAROLINE B. THACHER
& others.

SAME *vs.* REBECCA C. B. LIFFLER & others.

Suffolk.    May 20, 1904. — June 24, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Trust*, Termination.    *Devise and Legacy*, Construction.

It is within the power of the court to terminate a trust as to certain property and
continue it as to other property where reasons exist for doing so.

A testator provided that a trust for his children should terminate when his youngest
surviving child arrived at the age of twenty-one years, and another clause of his
will provided that a portion of the trust fund consisting of one undivided half of
the mansion house and appurtenant buildings and lands formerly belonging to
the testator's father should be used and occupied by the testator's sister during
her life or until sold under a power of sale given to the trustees to hold the pro-
ceeds subject to the trust, and that all taxes and assessments on the mansion
house property should be paid by the trustees during the life of his sister.    When
the testator's youngest child came of age the testator's sister was still living and
objected to the termination of the trust.    *Held*, that the trust should be termi-
nated as to all the property except that in which the testator's sister had a life
interest and so much more as was necessary to provide for the payment of taxes
and assessments upon the premises.

A testator left the residue of his property to trustees to expend such portion of the
net income as in their judgment should be deemed necessary for the proper sup-
port, maintenance and education of his children in such proportion as to each
child and in such manner as they might deem wise and prudent until his children
should arrive at the age of twenty-one years, and to add the residue of the in-
come to the principal, and when and as often as his children should arrive at the
age of twenty-one years to pay over to them respectively on arriving at that age
an equal share of the income derived from the trust property, proportionate to
the number of his children then living and the issue of any deceased child
representing their deceased parent, until the youngest of the testator's children
surviving should arrive at the age of twenty-one years, and then to convey and
transfer the property to the testator's children then living and the issue of any
deceased child by right of representation.    *Held,* that the children of the testator
were not to receive equal shares of the income from the beginning to the final
distribution including what was necessary for their education and maintenance,
but that they were to receive according to their respective necessities until ar-
riving at the age of twenty-one years, and after that their shares of the income
as prescribed by the will until the time for the distribution of the fund, when
each should receive an equal share.

TWO BILLS IN EQUITY, both filed February 10, 1904, one by
Moses Williams as trustee under the will of William G. Thacher,

late of Boston, and the other by the same person as trustee under the will of Rebecca C. Billings, late of Boston, both for instructions.

The two cases came on to be heard before *Lathrop*, J., who reserved each of them upon the bill, answers and agreed facts for determination by the full court, such decrees to be entered therein as justice and equity might require.

The will of William G. Thacher was dated September 14, 1883, and proved October 15, 1883. Omitting the introductory and attesting clauses and the signatures, it was as follows:

"First. I hereby constitute and appoint my sister Caroline B. Thacher and my sister in law Maritta B. Thacher and the survivor of them to be the executors and executor of and trustees and trustee under this my last will directing them to pay all my just debts and funeral expenses out of my estate, and I hereby direct and request that they or either of them shall not be required to give any bond or bonds or any surety or sureties on any bond or bonds as such executors or as such trustees but that they be exempt and excused therefrom.

"Second — All the rest, residue and remainder of my estate and property real, personal and mixed of which I shall die seized or possessed or to which I shall be entitled at the time of my decease, I give devise and bequeath to the said Caroline B. Thacher and Maritta B. Thacher and the survivor of them and her heirs and assigns in trust and to hold the same to the uses and upon the especial trusts hereinafter mentioned and expressed of in and concerning the same that is to say

"Third — To permit my said sister Caroline B. Thacher during and for the term of her natural life free from any charge for rent or occupation to use, occupy and improve the mansion house of my late father Thomas Thacher and the out buildings land and garden thereto appertaining meaning thereby the dwelling house barn stables and out buildings and all the land on the Northerly side of Alleghany Street between lands now or late of Bouvé on the east and lands of Rebecca C. Billings on the west in that part of Boston lately known as Roxbury now owned by my said sister and myself in equal shares and I direct my said trustees to pay all taxes and assessments which may be assessed on said premises, meaning hereby the taxes and assessments on

my undivided half of said premises during the said term of my sisters natural life or until said premises shall be sold and conveyed under the power hereinafter given my trustees.

" Fourth — Also to permit my said sister Caroline B. Thacher to have the use and enjoyment during said term of her natural life, of all the personal property belonging to me or in which I have any interest and contained in said mansion house at the time of my decease, comprising household furniture, paintings, engravings statuary maps books silver ware and plated ware kitchen utensils crockery hardware ornaments jewelry etc. excepting books of accounts and evidences of property also the use and enjoyment of the horses, carriages, wagons, harnesses stable furniture garden farming tools and utensils' hay and grain which shall be in said stables barns and out buildings at the time of my decease also the use and enjoyment of all the property in my billiard room and bowling alley.

" Fifth — That the said trustees or the survivor. of them or their successors in said trust shall take and receive the rents profits interest and income accrueing from all the rest residue remainder and reversion of my estate and property real personal and mixed of which I shall die seized or possessed or to which I shall be entitled at the time of my decease and therewith make all necessary repairs pay all taxes and assessments and other necessary charges and expenses in and about the same and after all such payments deducted to expend such portion of the said net rents, profits interest and income as in their judgment shall be deemed necessary for the proper support maintenance and education of my children in such proportion as to each child and in such manner as they may deem wise and prudent until my said children shall arrive at the age of twenty one years and the residue of such rents profits interest and income to add to the principal and to invest and keep invested in such manner as they shall deem best and when and as often as my said children shall arrive at the age of twenty-one years to pay over to them as they shall respectively arrive at the age of twenty-one years an equal share proportionate to the number of my children then living and issue of any deceased child such issue to represent their deceased parent of the income derived from my said property and of the income of the increase thereof, until the youngest of my

said children who shall live, shall arrive at the age of twenty-one years, or in case my said trustees or whoever shall succeed them in said trust shall think it more for the benefit or interest of said children or either of them after they shall have arrived at the age of twenty-one years it is my will that they should appropriate to the maintenance and support of my said children or either of them after their arrival at the age of twenty-one years her or their proportion as aforesaid of said net rents, interest and income of said trust property instead of paying it over to my said children or child and I expressly declare that any sale, transfer, assignment or alienation made by said children or either or any of them of said net rents interest or income or any parts or part thereof before it shall have been actually paid to or appropriated for her or them shall be utterly void and not binding on my said trustees.

" Sixth — If either of my children shall die before the distribution of the principal of the trust fund as hereinafter provided leaving issue surviving her then I direct that such proportionate part of the income of said trust fund which would in her life time be payable to or expended for the benefit of such deceased child of mine be paid by my trustees to such deceased child's surviving issue, such issue to take by right of representation. ·

" Seventh — If either of my children shall die before the distribution as hereinafter provided of the principal of said trust fund leaving no issue surviving her or if leaving issue they all die before the said distribution then I direct that such income as would otherwise be payable to or expended for the benefit of such deceased child of mine or her issue if living be appropriated by my said trustees in manner as aforesaid respecting the income of my estate to the benefit of my surviving children and the issue of such as have deceased such issue of a deceased child to take its parent's share by right of representation, but for those of my children who are living and under the age of twenty-one years the income is to be appropriated by my trustees in such manner and proportion as they my trustees think wise and prudent.

" Eighth — And when the youngest of my children who shall live shall arrive at the age of twenty-one years then I direct and request that my said trustees or whoever shall succeed them in said trust shall convey assign transfer set over and convey and

pay to my children then living and to the issue then living of
such as have deceased such issue of a deceased child of mine to
take its deceased parents share by right of representation all the
estate and property then remaining in their hands or possession
and all increase thereof if any to have and to hold the same to
them and their heirs and assigns to their use and behoof forever
in fee simple.

"Ninth — If none of my children live to arrive at the age of
twenty one years or if after arriving at the age of twenty one
years and before the distribution of the principal of said trust
property they all die leaving no issue or if leaving issue surviv-
ing them such issue all die before the distribution of the trust
property as aforesaid, then and in such case, I give devise and
bequeath all the said trust property then remaining in the hands
and possession of said trustees or their successors in said trust to
such persons as shall at that time be my heirs at law.

"Tenth — I hereby authorize and empower my said trustees
Caroline B. Thacher and Maritta B. Thacher and the survivor
of them and such other trustees as shall be legally authorized to
act as such from time to time to demise lease and let upon such
terms and conditions as they shall think reasonable the whole or
any part of my real estate given in trust as aforesaid and to sell
and convey at any time or times the whole or any part of said
real estate and the whole or any part of the personal estate and
trust property which shall at any time be in their hands as trus-
tees as aforesaid for such sum or sums price or prices as they
shall think proper with full power and authority without apply-
ing to any court for that purpose to sign, seal execute acknowl-
edge and deliver any lease or leases for any term of years or any
deed or deeds which shall be effectual in law to pass a complete
absolute and perfect title in fee simple to all or any part of said
real estate devised in trust as aforesaid to the purchaser or pur-
chasers thereof or to make any deed or deeds on condition or
conditions to be afterward avoided or performed which my said
trustees may deem necessary or proper to be executed with full
power to make purchases investments and exchanges to take and
receive deeds to convert real into personal and personal into real
estate and that again to exchange and re-exchange in such man-
ner as to them shall seem expedient it being my intention to give

to my said trustees and those who may be made such the same dominion and control of said trust property as I now have, provided however that all money received for sales all property purchased by the proceeds of any sold or exchanged and all property received in lieu of that sold by the authority aforesaid shall be held for the like trust and purposes and to the like uses and none other as that parted with sold or exchanged and as hereinbefore fully declared and none other.

"I direct and request that my said sister Caroline B. Thacher shall be appointed guardian of my minor children and that she have the custody and care of their persons and property and I direct and request that she be not required to give any bond or bonds or any surety or sureties on any bond or bonds as such guardian but that she be exempt and excused therefrom. And in case my said sister Caroline B. Thacher should decease during the minority of my said children or either of them then I direct and request that my said sister in law Maritta B. Thacher shall be appointed guardian of my minor children and that she have the custody and care of their persons and property and I direct and request that she be not required to give any bond or bonds or any surety or sureties on any bond or bonds as such guardian but that she be exempt and excused therefrom."

There also was a codicil dated September 15, 1883, ratifying the provisions of the will and further directing that the executors and trustees should be excused from giving sureties on their bonds.

In the second case it was agreed that the provisions in the will of Rebecca C. Billings in regard to which the plaintiff prayed for instructions were substantially in the same language as the corresponding provisions in the will of William G. Thacher.

*H. Williams*, Jr., for Caroline B. Thacher.

*A. H. Latham*, for Mary DeW., Margaret W. and Lillian C. Thacher.

*A. L. Lincoln*, for Rebecca C. B. Liffler and Elizabeth B. Thacher.

KNOWLTON, C. J. In the first of these cases the fundamental question is whether the trust shall be terminated, wholly or in part. The eighth clause of the will which created the trust is as follows: "And when the youngest of my children who shall live

shall arrive at the age of twenty-one years then I direct and request that my said trustees or whoever shall succeed them in said trust shall convey assign transfer set over and convey and pay to my children then living and to the issue then living of such as have deceased such issue of a deceased child of mine to take its deceased parents share by right of representation all the estate and property then remaining in their hands or possession and all increase thereof if any to have and to hold the same to them and their heirs and assigns to their use and behoof forever in fee simple." If this were the only material provision, there would be no doubt that the trust should be immediately terminated; for the youngest of the children has arrived at the age of twenty-one years, and all parties interested in this part of the trust desire its termination. *Bowditch* v. *Andrew*, 8 Allen, 339, 341. *Sears* v. *Choate*, 146 Mass. 395, and cases cited. But there is a part of the property that is subject to a provision in the third clause, which requires the trustees to permit the testator's sister, Caroline, during the term of her natural life, to use, occupy and improve the mansion house and the outbuildings and appurtenant lands which formerly belonged to the testator's father, of which one undivided half belonged to the testator at the time of his death, and the other half belonged to this sister. The trustees are also required by this clause, to pay all taxes and assessments on the premises during the term of his sister's natural life, or until such premises shall be sold and conveyed under the power given to the trustees. The tenth clause gives the trustees a general power to sell and convey the whole or any part of the real estate, and to hold the proceeds subject to the trust.

It is contended by the children of the testator that the first quoted provision for the termination of the trust, together with the power of sale given to the trustees, should control the provision for a life estate in the mansion house to his sister, and that the trust should therefore be terminated at once. It is contended by the sister that the trust must continue as to the whole property, not only for the preservation of her life estate and the payment of assessments and taxes, but also for the final disposition of the mansion house, and the division of the entire property of the trust, which is treated as one fund, to be kept together until the trust is finally terminated.

The intention of the testator in regard to the conditions now existing does not clearly appear. In some particulars the third clause of the will is inconsistent with the eighth clause. Probably he did not suppose that his sister would live long enough to make her life estate interfere with the termination of the trust when his youngest child should arrive at the age of twenty-one years. This child was less than a year old when her father died. There is little doubt that he intended to have his estate divided among his children when the youngest of them should become twenty-one years of age, and there is little doubt that he intended that his sister should have a life estate in the mansion house, or in the proceeds of it if it should be sold. We are of opinion that the trust for the benefit of his sister cannot be set aside or terminated in her lifetime, and that the trust must be continued so far as necessary to protect her rights.

On the other hand, it is in the power of the court, for good reasons, in certain cases, to terminate a trust as to certain property and to continue it as to other property. *Inches* v. *Hill*, 106 Mass. 575. *Sears* v. *Hardy*, 120 Mass. 524. There is much in this case to indicate that the termination of the trust when his youngest child should reach the age of twenty-one years, was an important, if not a paramount, purpose in the thought of the testator in reference to the final disposition of his property. So far as this purpose can be accomplished without defeating his purposes in other particulars, it should be accomplished. We are of opinion that the trust should be terminated as to all the property except that in which his sister has a life estate, and so much more as is necessary to be held for the payment of taxes and assessments upon the premises. This is in accordance with the rule applied in *Sears* v. *Hardy*, 120 Mass. 524, and is in conformity with the general purpose of the testator.

In *Schaffer* v. *Wadsworth*, 106 Mass. 19, a case somewhat like this, a different result was reached. But we are of opinion that the importance of the early disposition of the bulk of the property, as compared with that of the continuance of the trust without change, as indicated by the provisions of the will, was not the same as in the present case.

The other question is common to both of the cases. It is whether the testator's children are to receive in each case the

trust fund now in the hands of the trustee, in equal shares, so far as it is ready for distribution, or whether there is to be an equalization of the entire amounts received and to be received, including the sums paid as necessary for the support, maintenance and education of the children during their minority.

We are of opinion that the provisions of each will show the intention of the testator that the several children should not receive equal shares from the beginning to the final distribution, including that which was necessary for education and maintenance, but that they should receive according to their necessities until arriving at the age of twenty-one years, and after that time should be paid income, as prescribed by the will, until the time for the division of the fund, and that then the division of the amount in the hands of the trustee should be in equal shares to each.   To give the will a different construction would require us to disregard language which seems reasonably plain.

*Decrees accordingly.*