FRANCIS C. WELCH & another, trustees, vs. TRUSTEES OF
THE EPISCOPAL THEOLOGICAL SCHOOL & others.

Suffolk.    December 2, 1904. — September 11, 1905.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Trust*, Termination.

Where the only beneficiaries of a trust created by will are the widow of a son of
the testator, entitled to a third of the income during her life, and a charity,
entitled to the other two thirds of the income during such life and then to the
whole fund absolutely, upon the petition of the trustees of the fund by the agree-
ment and at the request of these beneficiaries, this court will terminate the trust
as to the two thirds of the fund of which the charity is entitled to the income, and
continue it as to the other third during the life of the son's widow.

MORTON, J.    This is a petition by the plaintiffs as trustees
under the will and codicil of Benjamin T. Reed praying that the
trust may be terminated as to two thirds of the property held
by them in trust, and that they may be authorized and directed
to convey the same to the Trustees of the Episcopal Theological
School who are the ultimate beneficiaries of the whole of the trust
property.    The said Benjamin T. Reed left a widow, and a
son who was his sole heir and next of kin.    By a codicil to
his will he gave the rest and residue of his estate to trus-
tees in trust first to make up out of the income any deficiency of
income from property given in trust for his wife if the same did
not amount to $15,000 in any one year, and then to divide
the rest of the income into three equal shares, one to be paid
to his wife for life, one to the son or the son's wife for life
and the other to the theological school.    On the decease of the
testator's wife two thirds of the income were to be paid to the
school and the other third was to be paid to the son and his
wife or the survivor of them during their lives.    On the decease
of the son and his wife leaving children of the son the trustees
were to convey one third of the principal to such children, and if
the testator's wife should then have deceased, the other two
thirds to the school.    If the son and his wife should decease
leaving no children of the son, and the testator's wife should also
have deceased, then the trustees were to convey the residue to

the school.   At the time of the testator's death the son was married.   His wife afterwards died and he married the defendant Martha S. Reed and died without children.   A question arose as to whether the present Mrs. Reed was entitled under the codicil as the wife or widow of the son.   An agreement of compromise was entered into between the widow of the son and the school in which the school recognized and conceded that she was entitled to the rights of the widow of the son for her life, and she agreed that on the death of the testator's widow the principal of the trust fund should be divided into three equal parts two of which should be conveyed to the school and the other should continue to be held in trust for her benefit for life and then go to the school.   The testator's widow has now deceased and the son's widow and the school and the trustees are all desirous that the trust should be terminated as to the two thirds and the agreement between the son's widow and the school carried out as therein provided.

There is no doubt about the power of this court to terminate a trust in a proper case.   *Williams* v. *Thacher*, 186 Mass. 293. *Matthews* v. *Thompson*, 186 Mass. 14.   *Sears* v. *Choate*, 146 Mass. 395.   There is also no doubt that a trust may be terminated as to certain property and continued as to other property. *Williams* v. *Thacher*, 186 Mass. 293, 300.   *Inches* v. *Hill*, 106 Mass. 575.   All that the trustees are required to do in the present case is to hold the property and pay over the income. They are not required to exercise an active discretion as in *Danahy* v. *Noonan*, 176 Mass. 467.   The scheme of the trust is very different from that in *Young* v. *Snow*, 167 Mass. 287, and does not contemplate, as that did, the accumulation of income by the trustees and the expenditure by them of so much of it as might be necessary to keep the estate in repair.   The case also differs from *Claflin* v. *Claflin*, 149 Mass. 19, and *Hoffman* v. *New England Trust Co*. 187 Mass. 205.   The school is the equitable owner of the whole trust estate.   It is entitled to the present income of two thirds of it.   The postponement by the testator of the conveyance to it was for the benefit of his wife and his son's wife.   The testator's wife is dead and the son's wife agrees to the conveyance.   All parties in interest agree to and desire the termination of the trust as to the two thirds of

which the school is entitled to the present income and we see no valid objection to it. The questions raised and the doubts suggested by the guardian *ad litem* as to the possibility of reverter in the heirs of the testator in case the corporation of the trustees of the theological school should be dissolved do not seem to us sufficient to warrant us in denying the prayer of the petition.

*Decree for the petitioners.*

*John Chipman Gray,* for the Episcopal Theological School and Martha S. Reed.

*J. G. Palfrey,* for the guardian *ad litem* and for all the defendants not represented by Mr. Gray.