## Joliet Trust & Savings Bank, Administrator of the Estate of Anna Schmidt, Deceased, Appellee, v. Edward Schmidt, Appellant.

### Gen. No. 7,239.

1. ANNUITIES—*liability for unpaid annuity for support and maintenance otherwise furnished to annuitant.* The administrator of the estate of a deceased lunatic who was confined in a State hospital for years before her death, during which time all her wants were provided by the State, cannot recover from her brother the amount of an annuity which he was required under their mother's will to pay for the support and maintenance of the incompetent in case her condition became such that it should be improper or impossible for her to remain in the brother's home, where she and the mother resided when the will was made, which was made a charge on land devised to the brother but remained unpaid at the death of the incompetent.

2. PLEADING—*variance between proof and pleadings in action for rent.* In an action by the administrator of the estate of a deceased lunatic against her brother for rent for the use of farm land devised to the lunatic by her mother, defendant is not liable where the declaration is predicated on the receipt by the brother of grain rent from the tenant in possession under a lease from the mother, and the bill of particulars makes no claim of liability for money due for rent so received by the defendant but limits the claim to rent due from defendant as tenant and the case was tried on that theory, where the evidence shows that the defendant was never in possession of the land at any time during his sister's life but received from the tenant in possession grain rent for the use of such lands.

3. HARMLESS AND PREJUDICIAL ERROR—*cure of erroneous admission of evidence by remittitur.* In an action by the administrator of the estate of a deceased lunatic against defendant for the amount remaining unpaid by him on an annuity to the lunatic at the time of her death and also for rent claimed to be due from him for farm land owned by the lunatic, the entry on motion for new trial of a remittitur of a portion of a verdict rendered against defendant, pursuant to an order of the trial court on the ground that no recovery could be had on account of the annuity, did not cure the error in admitting evidence in support of the claim for the annuity, where the verdict was based on evidence concerning the annuity and there was no evidence to justify a verdict for

the unremitted remainder on account of rent or from which the two amounts could be segregated.

Appeal by defendant from the Circuit Court of Will county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the April term, 1923. Reversed and remanded. Opinion filed February 16, 1924.

TRAINOR & TRAINOR, for appellant.

BERNARD L. KELLY, PENCE B. ORR and FRANK G. BRUMUND, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

Wilhelmina Schmidt died testate September 1, 1915. She left her surviving three daughters and one son, Edward Schmidt, the appellant in this case. One of her daughters, Anna Schmidt, ward of appellee, was an insane person, who resided with her mother and brother at the time her mother executed her will, in 1904. By her will, Wilhelmina Schmidt bequeathed and devised the bulk of her estate to her son Edward. She further provided that in case the physical or mental condition of the said Anna Schmidt should change so as to make it improper or impossible for her to live with her said brother, he should pay to her, annually, the sum of $180 in such amounts and at such times as it might be needed for her support and maintenance. This charge was made a lien upon the lands devised to her brother. The mother also devised to the said Anna Schmidt 40 acres of land for her natural life with remainder to her brother Edward. Anna Schmidt was committed to the hospital for the insane at Kankakee on September 19, 1905. The Joliet Trust & Savings Bank was appointed conservator of her estate on November 17, 1915. The conservator went into possession of the 40 acres of land in May, 1918. Anna Schmidt died at the hospital on September 10, 1920. The appellee filed its suit in assumpsit against

the appellant on a declaration of one count averring that the appellant was indebted to his sister in the sum of $1,000 for money before that time received by him on account of the letting and renting of the 40 acres of land devised to her by her mother and also for crops grown on said land before that time received by him for her use. Later, the appellee filed an additional count charging that the appellant was indebted to his sister in the sum of $960 on account of the nonpayment of the annuity above mentioned.

The cause was tried before a jury which returned a verdict for $700. The evidence shows that during the time Anna Schmidt was in the asylum there was no occasion for the payment to her or to her conservator of the said annuity, or any part thereof, for her support and maintenance. Her wants were all supplied by the State. It cannot be said that Wilhelmina Schmidt intended by the provision in her will for the annuity to create an estate for Anna Schmidt which could descend to her heirs. If that be true, then there was no right of recovery on account of the annuity. Only one case arising in this State bearing upon this question has been called to our attention by counsel and we find no others. In the case of *Blanchard v. Chapman*, 22 Ill. App. 341, a testator provided: "And having and reposing implicit confidence in the goodness and kindness of my dear wife, I rely upon her to make all needful provision for the future wants of my brother Sylvester." The will was admitted to probate. The testator's wife by her will provided for the payment to the brother of the income of $5,000 annually. A bill was filed for past support and to obtain an order for future payments. This court held that an order for future payments would be sustained but that a decree providing for the payment for support previous to the filing of the bill could not be sustained. The court said: "The will does not provide that he should be paid a sum equal to his wants whether he needed it or not for his actual support.

He might have means of his own or be able to make his own living. He might never call for any support and might manage to pay his own way and in case he did so the estate would not be his debtor at all.'' The case of *Williams v. Thacher,* 186 Mass. 293, 71 N. E. 567, supports this conclusion.

The evidence also shows that the appellant was not in possession of the 40 acres of land at any time during the life of his sister but that said lands were in the possession of a tenant for years under a lease from their mother, Wilhelmina Schmidt. It further shows that the tenant paid grain rent to the appellant.

After the return of the verdict the appellant made a motion for a new trial. The trial court becoming convinced that no recovery could be had for the annuity, in a written opinion so held and directed the appellee to enter a remittitur in the sum of $400. This was done and the motion for a new trial was overruled and judgment was entered for $300 and costs.

Under the pleadings in this case, it is just as clear that the appellant was not liable for rent as it is that he was not liable for the payment of the annuity. It was shown that he received certain crops paid by the tenant as rent. The first count of the declaration was predicated upon this fact. The bill of particulars makes no claim whatever for money due because of grain rent received but limits the claim to rent due from the appellant as though he were the tenant. The appellee has tried the case wholly upon the theory that the appellant is liable for the reasonable rental value of the land irrespective of the amount of rent received by him. Consequently under the bill of particulars there could be no recovery at all against the appellant.

Aside from these considerations, we conclude that the trial court was wholly without power to reduce the judgment $400 inasmuch as it had held that there could be no recovery for the annuity. There was nothing in the evidence to justify a verdict for $300

on account of rent. It is apparent that the jury's verdict was based on the evidence concerning the annuity. Where there is nothing in the evidence from which the excessive portion of the verdict can be segregated from the damages to be allowed, error in the admission of evidence cannot be cured by the entry of a remittitur. (*Chicago & E. I. R. Co. v. Donworth,* 203 Ill. 192; *Chicago, M. & St. P. R. Co. v. Hall,* 90 Ill. 42; *Hartford Deposit Co. v. Calkins,* 186 Ill. 104.)

If there could be no recovery for the annuity it is apparent that all evidence on that subject was improperly admitted; and that instructions based upon such evidence were improperly given.

Other errors are urged but they are not likely to occur on another trial and therefore will not be discussed. The cause must be reversed and remanded.

*Reversed and remanded.*