MARIE RUTH YORE SHALLER ET AL., Appellants, v. MISSISSIPPI VALLEY TRUST COMPANY ET AL.—3 S. W. (2d) 726.

Division One, March 3, 1928.

*McDonald & Just* for appellants.

130

*O'Neill Ryan* for respondents.

ELLISON, C.—This is a suit to construe the will of Michael L. Kelly, and for a decree terminating a trust declared therein so far as it affects the interests of the plaintiffs-appellants. The appellants are the four children (with their spouses) of Alice K. Yore, deceased, a daughter of the testator and a beneficiary under the trust. They maintain the trust ended, as to them, when the youngest of the Yore children attained the age of twenty-one years. The respondents urge above all else that the question is *res judicata* because of a decree entered by the Circuit Court of the City of St. Louis in 1915 in a proceeding between the same parties construing the same will; and, second, they say as a matter of independent construction now that the will does not bear the meaning contended for by appellants. The trial court upheld respondents' first contention, that the matter was *res judicata.* In view of the nature of the issues

there seems to be no escape from quoting rather extensively from the records and documents involved.

The ninth clause of the will and the two codicils, expressing the trust, are as follows. In setting out the clause of the original will we break it up into paragraphs covering the several subjects dealt with:

### Ninth Clause.

"I give, devise and bequeath to William F. Crow all the rest, residue and remainder of my estate, real, personal and mixed, in trust, however, to hold the same for the use and benefit of my children, John S., Joseph, Alice and Rosa Ann, and John M. Power, the son of my deceased daughter, Nellie, during each of their natural lives;

"With full power in said trustee or his successor in this trust to sell all the real estate or any part thereof whenever deemed advisable, and the proceeds of such sales to be invested in other real estate, or such securities as he may deem best; he shall also invest the surplus income and the proceeds of such securities as he may think best; in other words, having the great confidence in his judgment and business ability, I wish him to act as if the estate belonged to himself.

"During the five years following my death I desire that he shall pay to my daughter Alice the sum of twenty-four hundred dollars per annum, in monthly payments of two hundred ($200) dollars; to my daughter, Rose Ann Gerhard, the sum of eighteen hundred dollars per annum, payable in monthly installments of one hundred and fifty dollars; to each of my sons, John S., and Joseph, the sum of six hundred dollars each, to be paid to them in monthly installments of fifty dollars each, and to my Grandson the sum of six hundred dollars, payable fifty dollars monthly.

"At the expiration of the five years herein specified, he shall ascertain the amounts paid to each of said persons and shall equalize their share, so that each one shall have an equal undivided 1/5th interest in the whole estate, and thereafter he or she shall be entitled to 1/5 of the net income, which shall be payable in quarterly installments.

"In the event of the death of John, Joseph or John M. Power, or any one of them, without living issue, his share shall belong to the remaining devisees. In the event of the death of either Alice Yore or Rosa Ann Gerhard, before all their children arrive at legal age, said trustee shall hold the share of said deceased person, until the youngest child arrives at legal age. . . ."

### Codicil of April 6, 1897.

"I, Michael L. Kelly, do hereby revoke so much of the provisions of Article Ninth of the foregoing last Will and Testament relating

to the monthly payments to be made to my daughter, Alice Yore, and in lieu hereof, I direct said William F. Crow to pay her the sum of one hundred and fifty dollars per month, and I further direct and instruct him to pay the sum of sixty dollars per month for the support and education of my grandsons, Jules and Lawrence Yore, until each arrives at legal age, when their respective allowance ($30) shall cease. . . . ''

### Codicil of June 10, 1897.

''I give, devise and bequeath to William F. Crow, in trust, for the use and benefit of Frank H. and Aenid Marie, children of my deceased daughter, Rowena K. Gerhart, the share devised and bequeathed to her in Article 9 of my said last Will and Testament hereunto attached; to have and to hold the same during the minority of each of said children; and with all the powers and authority and subject to all the conditions mentioned and contained in said Article 9; and out of the income from said estate he shall pay to their guardian or curator, the sum of thirty dollars each per month during their said minority. In the event of the death of both of said children before arriving at legal age, or thereafter, without issue, their share of said estate shall revert to the remaining devisees mentioned in said Article 9.''

The will was dated in January, 1897. The testator died in December, 1897. In the meantime his daughter Rosa Ann died on May 29, 1897, and his son Joseph died single in November, 1897. The death of Rosa Ann accounts for the second codicil, of June 10, 1897, making provision for her children. She is the person designated as Rowena K. Gerhart in this codicil. The trustee William F. Crow died in 1907, and the respondent Mississippi Valley Trust Company was appointed in his stead. Another son, John S. Kelly, died in March, 1914, survived by a widow and two children. Of the original *cestuis que trustent* this left two, the daughter, Alice Yore, and the grandson, John M. Power.

Shortly following John S. Kelly's death in 1914 the respondent Mississippi Valley Trust Company as trustee brought a suit in the St. Louis Circuit Court to construe the will. All the other parties to this suit were parties defendant in that, save the spouses of one or two who were not married at that time. Alice K. Yore, with her four children and their spouses, the latter being plaintiffs herein, were represented by able counsel and filed answer denying the necessity for a construction of the will. The petition in this former proceeding is too long to set out in this opinion. It covers twenty-one pages of the printed record. Suffice it to say that after reciting the prior history of the trust and the contents of the whole will and then referring to some of the provisions of the ninth clause

and the codicils, the petition asked the judgment of the court as to whether the two John S. Kelly children were entitled to the share of their deceased father in the trust corpus, and income earned and to accrue, and then continued:

"Further, this trustee is advised there is grave doubt as to the proper construction of the will in this—*as to the quality and extent of the interest of the defendant Alice K. Yore in the trust estate if she should survive her children, who are now of legal age, and what is the nature and extent of their interest now, if any, and of the interest of such as survive their mother;* . . .

"Plaintiff states . . . there should be a construction of the instrument (the will and codicils) by the court, in the particulars above set forth, and such others, if any, as the parties may desire, and the court may deem necessary, *to the end that the extent of the rights and the quality of the interests of all the defendants in said trust estate under said will may now be definitely and finally ascertained and decreed, and this trustee advised and directed as to the duration of this trust, and the contingency upon which it will be terminated,* and, as well, its duty pending the further execution of the trust as to the persons to whom and in what proportions the income shall be paid.

"Wherefore, plaintiff prays the court to enter its decree construing said will and *determining the nature and quality of the interests of the parties defendant in and to the trust estate, and determining the duration of this trust,* and the plaintiff's duties as to future payments of income, and for such other and further relief as to this Honorable Court may seem meet and proper in the premises," etc.

A decree was entered by the chancellor, Judge HUGO GRIMM, in August, 1915. After showing the appearance of the parties by their respective counsel, and, in the case of the two John S. Kelly children, both minors, by their guardian as well, the decree first made findings of fact as to the relationship between the respective original beneficiaries and the several groups of defendants, that is to say, the Gerhart children, the John S. Kelly children and the Yore children, the latter being mentioned last, at the conclusion of the paragraph immediately preceding the following:

"And the court doth find order, adjudge and decree that the one-fourth interest in the estate of Michael L. Kelly (belonging) to said John S. Kelly has passed, and now belongs, subject to the trust provided for in said will, in equal parts, to said (John S. Kelly children) defendants herein; that the defendant Mary Kelly, the widow of John S. Kelly, has no share or interest therein nor in the income of said estate; *that the trust created by said will,* and now being administered by the plaintiff in virtue of its appointment . . . *continues under the terms of said will until the death of both Alice K. Yore and John M. Power,* defendants herein; that during the administration of said trust the trustee shall pay to Alice K. Yore

one-fourth of the net income of the whole estate; shall pay to John M. Power one-fourth of the net income of the whole estate; to (the two Gerhart children) one-fourth of the net income of the whole estate, one-eighth to each, and to the curators of (the two John S. Kelly children) one-fourth of the net income of the whole estate, to-wit, one-eighth of the said net income to the curator of (each), during their respective minorities, and when each child reaches its majority, to said child direct; all said payments to be made monthly; that the said Trust Company shall pay over the income accumulated since the death of John S. Kelly which would have been payable to John S. Kelly had he lived, to-wit, one-fourth of the net income since his death, and any balance of income that may have been due him at his death, in equal shares to the curators of said (John S. Kelly children).''

It will be observed the decree expressly declared the trust created by the will continues until the death of *both* Alice K. Yore *and John M. Power,* the only surviving original beneficiaries. It was further decreed that the John S. Kelly share passed to his two children, but the devolution of the Alice K. Yore share was not determined. The Yore children took an appeal to this court, but failed to prosecute the appeal, and it was later dismissed for failure to comply with the rules applicable thereto. Eight years later, in 1923, Alice K. Yore died and toward the end of that year her four children, with their husbands and wives, brought this suit. The petition alleged, among other things, the following:

''Plaintiffs state that upon the death of their mother, the said Alice K. Yore, defendant Mississippi Valley Trust Company declined and still declines and refuses to make any payment to plaintiffs out of or on account of either the income or corpus of the said trust estate so held by it and as reason therefor said trustee contends that it does not know the true meaning of said will as to the interest therein and thereby devised and bequeathed to these plaintiffs at and after the death of their mother, Alice K. Yore, as aforesaid—(1) *as to whether it has a duty as such trustee to continue to hold the share of said trust property, the income of which it had theretofore paid to the said Alice K. Yore,* and to pay the accumulated income thereof to these plaintiffs in equal shares or to pay the same to others, and if the latter to whom, for and during the life of the said John M. Power, or (2) *whether the trust created by said will as to the interest of plaintiffs in said trust estate terminated at the death of their mother* and plaintiffs then became and now are entitled to have such one-fourth of the trust property, both accumulated income and corpus, conveyed, transferred and delivered to them as their absolute property.

''Wherefore, plaintiffs pray the court for a judgment and decree construing said will and determining their present right, title and

interest to and in said trust property, both as to income and corpus thereof, and adjudging and decreeing that plaintiffs are (1) entitled to receive from defendant trustee all accumulated income received or that may hereafter be received by said trustee from the share of said trust property from which the said Alice K. Yore had received the income during her life, and (2) *that the said trust as to such last-mentioned share of said trust property terminated at the death of said Alice K. Yore,* and plaintiffs thereupon became entitled to receive such share as their absolute property; and for such other and further relief as to the court may seem proper," etc.

The respondents, Mississippi Valley Trust Company, the two John S. Kelly children, John M. Power, and one of the Gerhart children, filed separate answers. The other defendants were served, but defaulted. The answers of one John S. Kelly child, still a minor, and of the Gerhart child, of unsound mind, both by guardian, were general denials. The other John S. Kelly child (who had reached her majority) as well as John M. Power and the Mississippi Valley Trust Company, all pleaded the foregoing decree of August, 1915, as a former adjudication of the issue respecting the termination of the trust. The answer of the Trust Company went further and joined with the plaintiffs in praying a construction of the will as to whether the Alice K. Yore share in trust had passed to her children, this being a question the decree of August, 1915, had not determined.

The decree of the chancellor, Judge A. B. FREY, from which this appeal was taken, found and adjudged the former decree entered in 1915 conclusive on the plaintiffs-appellants that the whole trust continues beyond the life of their mother, Alice K. Yore, until the death of the last surviving original beneficiary, John M. Power; and it was further decreed that the Alice K. Yore share of the trust corpus, and income earned and to accrue, passed at her death to her four children, the appellants, subject to the trust.

I. The parties to this suit and the one decided in 1915 being the same, the decree in the earlier proceeding is binding in this as to questions directly involved within the issues in both and actually determined by the former decree. This is true even though we concede the causes of action in the two cases are not identical. [Thierry v. Scherrer, 319 Mo. 241; State ex rel. Gott v. Fidelity & Deposit Co., 317 Mo. 1078.] But appellants say the issue as to the duration of the trust, with respect to the Alice K. Yore interest therein, was not decided by the 1915 decree, or if so, only incidentally and collaterally; that the death of John S. Kelly precipitated the situation which necessitated the bringing of that suit, and *his share* of the trust was the real subject of the inquiry.

We think this contention is not supported by the record. The petition in the suit filed in 1915 looked farther, much farther, than the

John S. Kelly share. It explicitly asked the judgment of the court as to the quality and extent of the interests of Alice K. Yore and her children in the trust estate, whether she survived them or they her; and further prayed that the trustee be advised as to the duration of the whole trust and the contingencies upon which it would be terminated. The decree, also, plainly dealt with the whole trust. While the ordering or mandatory part mentions first the John S. Kelly share, it speaks of it as an interest "subject to the trust provided for in said will." Then comes the all-important declaration that "the trust created by said will . . . continues under the terms of said will until the death of both Alice K. Yore and John M. Power." Next follow provisions that "during the administration of said trust" the *whole* net income be paid one-fourth to Alice K. Yore, one-fourth to John M. Power, one-fourth to the Gerhart children and one-fourth to the John S. Kelly children. The only difference between the treatment of the John S. Kelly share and the Yore and Power shares is that the devolution of the latter is not declared. That of course was because Alice Yore and John M. Power were still living, but if language can express meaning the decree is certainly clear that the whole trust will not end until the death of both Alice Yore and John M. Power, i. e., until the death of the last surviving of the original *cestuis que trustent*.

II. The further point is made by appellants that if the decree of 1915 be construed as attempting to determine the duration of the Alice K. Yore share of the trust, it would make the adjudication operate on a moot question (1 C. J. sec. 68, p. 973) because Alice K. Yore was yet alive, and a court in construing a will or trust will not pass on questions arising only on future contingencies. The following from 3 Pomeroy's Equity Jurisprudence (4 Ed.) sec. 1157, p. 2741, is quoted:

"It is well settled that a court will never entertain a suit to give a construction or declare the rights of parties upon a state of facts which has not yet arisen, nor upon a matter which is future, contingent and uncertain."

We find no fault with this statement of the law. As already remarked, considerations of this nature very likely restrained the court from determining the succession to the Yore and Power shares in the 1915 decree. But we think the court was also right in its evident conclusion that the issue as to the *duration* of the trust was not a mere potential problem, but a live, existent question. It is obviously important for one charged with the investment of a trust fund to know, as nearly as may be, how long the fund will be in his keeping; such information would figure largely in determining the manner of administering the trust and the character of investments to be made. Authorities on the point are few. Haseltine v. Shep-

herd, 99 Me. 495, 503-4, 59 Atl. 1025, and Hyde v. Wason, 131 Mass. 450, touch on the question, and 2 Perry on Trusts (6 Ed.) sec. 920, p. 1497, citing the latter case, says:

"Sometimes the question of duration (of a trust) is somewhat doubtful, and it becomes very proper for the trustee to ask the opinion of the court upon the construction of the trust instrument."

III. Having reached the conclusion in the two preceding paragraphs that the decree of 1915 is binding against the appellants on the issue respecting the duration of the trust, it is unnecessary to go into this question of construction on its merits. In fact we are precluded from passing on the point independently. There remains, however, one other proposition to be considered. It is contended that even though the trust continues until the death of John M. Power, nevertheless the court should declare it terminated as to the Alice K. Yore share, because that interest is vested and all the beneficiaries thereof so request.

In a proper case equity has power to terminate an express trust in whole or in part, even before the expiration of the term for which it was created. [39 Cyc. p. 99; 2 Perry on Trusts (6 Ed.) sec. 920, p. 1496; 3 Pomeroy, Equity Jurisprudence (4 Ed.) sec. 991, note d, p. 2168.] The principle has been recognized by the courts of this State, but the jurisdiction is exercised sparingly. [Gibson v. Gibson, 280 Mo. 534, 219 S. W. 565; Dwyer v. St. Louis Union Trust Co., 286 Mo. l. c. 487, 228 S. W. 1068; Owen v. Gilchrist (Mo.), 263 S. W. 431.] Unless all the affected beneficiaries consent, the trust will not be terminated (Whiteley v. Babcock (Mo.), 249 S. W. 932; Ewing v. Shannahan, 113 Mo. 188, 196, 20 S. W. 1065; Newton v. Rebenack, 90 Mo. App. 650, 657; Smith v. Smith, 70 Mo. App. 448, 451), and not even then if the trust be active and to end it would be to thwart the wish and intention of the testator. [Easton v. Demuth, 179 Mo. App. 722, 728, 162 S. W. 294; Gibson v. Gibson, supra; Dwyer v. St. Louis Union Trust Co., supra.]

Donaldson v. Allen, 182 Mo. 626, 641, 647, 81| S. W. 1154, 1156, seems to be out of harmony with the foregoing decisions in that a testamentary trust was terminated at the suit of less than the whole number of beneficiaries, but the case appears to be distinguishable. The trust there considered was that the trustees hold certain real estate and sell it at their discretion. The trust was not limited as to time. The court held the trust powers conferred were not perpetual, but should be exercised within a reasonable time. It was ruled a reasonable time had elapsed, the trust was terminated and the real estate partitioned. On a close analysis, therefore, it can be said the trust was not terminated before the time designated by the will, but, rather, by a construction of the will it was found the time fixed in the instrument for the ending of the trust had arrived.

Referring briefly to the cases most nearly in point from other jurisdictions, cited by appellants. In Sears v. Hardy, 120 Mass. 524, the testator left his residuary estate to trustees to pay to his son for life an annuity progressively increasing until it should reach a maximum of $10,000 per year. There was no devise over of the trust corpus except in the event the son died before attaining the age of twenty-one. The son did not die. It was held the testator died intestate as to the residuary estate, subject to the trust for the son's life, and that the son took it by inheritance. The trust corpus amounted to $4,000,000. The maximum annuity being only $10,000, it was held a sum sufficient to earn $10,000 per year should be set aside and the remainder of the estate discharged from the trust.

In Williams v. Thatcher, 186 Mass. 293, 71 N. E. 567, the testator devised his residuary estate in trust for the maintenance and education of his children until the youngest child should arrive at the age of twenty-one years. Included in the trust property was the testator's ancestral home in which his sister had a half interest. The will directed that this home be reserved for the sister's use and occupation during her life. All the children having reached the specified age, it was ruled the trust should be terminated except as to the home.

In Welch v. Episcopal Theological School, 189 Mass. 108, 75 N. E. 139, the testator devised his residuary estate in trust, one-third the trust income to go to his son and the latter's wife, and two-thirds to a theological school. On the death of the son and wife the trust was to end, one-third of the estate going to their children, if any, and the other two-thirds to the school. If they left no children the whole estate was to go to the school. The son died without children. The court decreed, the son's widow and the school agreeing, that the trust should be terminated as to a two-thirds part thereof and continued as to the remaining one-third, from which the son's widow was entitled to the income.

We are unable to see that these three authorities are persuasive. In the first there was only one beneficiary; in the third, the beneficiaries agreed; and in the second, the Williams case, the severance was clearly in harmony with the testator's intention. In this case it is established that the trust shall continue until the death of John M. Power. Michael Kelly's will contemplates, indeed, says, that during the term of the trust the whole residuary estate shall be kept together and invested within the broad discretionary powers of the trustee. At the expiration of five years the payments theretofore made were to be equalized, so that each child should have "an equal undivided one-fifth interest in the whole estate." (The will says *fifth*, but the death of Joseph, single, before the will went into effect increased the shares to *fourths*.) After this adjustment each child was to receive one-fifth of the net income from the whole trust—not

the income from a fifth of the trust. It was shown in evidence that the trust amounts to about $145,000, of which about $85,000 is invested in improved real estate. It is not contended the trust is unproductive or mismanaged. Though John M. Power is only 39 years old, and in the natural course of events the trust will continue for some years, the hardship of the case is not as great as in Gibson v. Gibson, supra, 280 Mo. 1. c. 525-5. But however that may be, sufficient appears to show an intention to keep the whole estate together as one unit. Furthermore, all the beneficiaries do not agree. John M. Power and the adult daughter of John S. Kelly object. Her minor brother and the incompetent Gerhart child are not *sui juris* and cannot consent. In these circumstances a severance of the Alice K. Yore share and a dissolution of the trust as to that share, would be a violation of the law as it has been for a long time written in this and many other jurisdictions.

These conclusions result in affirmance of the judgment and decree. *Lindsay* and *Seddon, CC.*, concur.

PER CURIAM:—The foregoing opinion by ELLISON, C., is adopted as the opinion of the court. All of the judges concur.