RUBY MAY ALLEN *vs.* FIRST NATIONAL BANK AND TRUST COMPANY OF GREENFIELD, trustee.

Franklin.   September 19, 1945. — June 5, 1946.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Trust*, Termination.

A petition by the life beneficiary of a trust under a will, assented to by all having other beneficial interests thereunder, seeking a termination of the trust, properly was dismissed where it appeared that the trust fund was $1,000; that the provisions of the will were that the net income of the fund should be paid semiannually to a niece of the testator "for and during the full term of her natural life" and that

on her death the fund should be paid to her children; and that the only other gifts in the will were direct pecuniary legacies to several nieces and nephews and a gift of the residue to the testator's widow: the objects of the trust had not been accomplished and termination before the time fixed by the will would not best accomplish the testator's intent, but would tend to defeat that intent.

PETITION, filed in the Probate Court for the county of Franklin on February 9, 1945.

The case was heard by *Thompson,* J.

In this court the case was submitted on briefs.

*W. A. Davenport,* for the petitioner.

*C. N. Stoddard, Jr., & J. T. Bartlett,* for the respondent.

FIELD, C.J. This is a petition brought in the Probate Court by Ruby May Allen against the trustee of a trust created by the will of Charles A. Marcy, late of Colrain — dated July 11, 1925, and allowed September 1, 1925 — praying that "said trust be determined and the principal fund be paid to your petitioner by said trustee discharged of all trust."

The will contained, among others, the following provisions: "V. If my niece Ruby May Allen, is living at my decease, I give the First National Bank, of Greenfield, One Thousand Dollars, in trust, and direct said Bank to pay over to her the net income therefrom, semi-annually, for and during the full term of her natural life, and upon her decease to pay the entire principal sum in its hands to her children, to whom I give and bequeath the same; but in the event that my said niece, Ruby May Allen, is not living at my decease, then I give and bequeath said One Thousand Dollars, to her children, to be paid them by my Executor hereinafter named, no trust attaching thereto in such event. VI. All of the rest and residue of my estate, real and personal, I give and devise to my wife, Mary L. Marcy, including any lapsed legacies, if any."

The petition names four persons as children of said Ruby May Allen. It represents among other things that "all of said children are more than twenty-one years of age and join in this petition, and consent to the allowance thereof," and that "no more or other children can or will be born to

your petitioner." The petition is signed by Ruby May Allen and also by the persons alleged to be her children. The trustee opposed the allowance of the petition.

After hearing, the judge entered a decree in which he recited that he found that the representations in the petition here set forth are true and found "from all the language of said will and from the representations hereinbefore found to be true, that it was the intent of the testator that the trust for the benefit of said petitioner should continue 'during the full term of her natural life' (language of the will); that, the language of the will being 'and upon her decease to pay the entire principal sum' and said Ruby May Allen not having deceased, 'the time fixed for its determination has not arrived;' that the trust 'is active and its termination would not best accomplish the testator's intent;' and that therefore 'the trust cannot be terminated even with the approval of all parties in interest,'" and dismissed the petition.

The petitioner and her children referred to in the petition appealed to this court. There is no report of the evidence. The judge filed a report of the material facts found by him incorporating the findings included in the decree, a copy of the will of the testator, and certain other recitals.

The petition was dismissed rightly.

By the terms of the will, the time fixed for the termination of the trust was the death of Ruby May Allen, at which time the trustee was directed "to pay the entire principal sum in its hands to her children." But it was said in *Sears v. Choate*, 146 Mass. 395, 398, that there "is no doubt of the power and duty of the court to decree the termination of a trust, where all its objects and purposes have been accomplished, where the interests under it have all vested, and where all parties beneficially interested desire its termination." The converse of this principle was stated in *Whitney v. Whitney*, 317 Mass. 253, 257, that "it is settled that where the testator has fixed the time for the termination of the trust, and where it is active and its purposes and objects have not been fully accomplished and its termination would not best accomplish the testator's

intent, the trust cannot be terminated even with the approval of all parties in interest." See cases cited therein, including *Ames* v. *Hall*, 313 Mass. 33, where it was said, at page 37, that the "only safe generalization is that termination in whole or in part has been ordered where such termination would best accomplish the testator's intent . . . [citing cases] and has been denied where it would tend to defeat that intent," citing cases.

We assume, without deciding, that all the beneficial interests in the trust are vested in Ruby May Allen and her four children, all of full age, who have signed the petition purporting to join therein and to "consent to the allowance thereof." We are of opinion, however, that upon a proper interpretation of the will the termination of the trust before the time fixed by the will for its termination would not "best accomplish the testator's intent" but would "tend to defeat that intent."

Doubtless one of the purposes of the testator in creating the trust was to provide for the preservation of the principal of the trust fund for the children of Ruby May Allen. But we think that the will discloses a further purpose of the testator to protect the interests of Ruby May Allen by placing the fund of which she was to have the benefit during her life in the hands of a trustee for management, with direction to pay the income thereof to her in semiannual payments, although no restraint is imposed upon alienation by her. See Scott on Trusts, § 337.1. The terms of the trust in effect provide for postponement of enjoyment of income by her for successive semiannual periods. A postponement of payment of principal to a beneficiary having absolute equitable rights of property in the trust fund until he had become thirty years of age was held in *Claflin* v. *Claflin*, 149 Mass. 19, to preclude termination of the trust before that time. The court said, at page 22, that this "is not a dry trust, and the purposes of the trust have not been accomplished if the intention of the testator is to be carried out." This language is applicable to the trust here in question during the life of Ruby May Allen. The provision for semiannual payments of income to her

during the "full" term of her natural life gives special emphasis to the testator's purpose that the trust should not be terminated before the death of this life beneficiary. Furthermore, the other provisions of the will furnish some indication of an intention on the part of the testator to protect the interests of his niece Ruby May Allen by the creation of the trust fund. The only other gifts by the will, except the gift of the residue to the wife of the testator, are gifts to several of his nieces and nephews — one of the gifts being as large as this trust fund. All of these gifts are direct pecuniary legacies without any trustee being interposed. While the interposition of a trustee in this instance may have been solely for the purpose of preserving the principal for the children of Ruby May Allen, nothing in the language of the will creating the trust and no facts found bearing upon its interpretation indicate such a limitation upon the testator's purpose. The present termination of the trust would not be in accordance with the purpose of the testator as disclosed by the will. No circumstances are shown that make it impossible to carry out the trust in strict accordance with his expressed purpose. Nor has anything happened, as in *Sears* v. *Choate*, 146 Mass. 395, that apparently the testator did not anticipate when he fixed the time for the termination of the trust. See *Claflin* v. *Claflin*, 149 Mass. 19, 22–23; *Hoffman* v. *New England Trust Co.* 187 Mass. 205, 207.

This is not a case in which a termination of the trust as to a part of the trust property would tend to carry out a purpose of the testator. See *Williams* v. *Thacher*, 186 Mass. 293, 300; *Welch* v. *Episcopal Theological School*, 189 Mass. 108; *Ames* v. *Hall*, 313 Mass. 33, 37. Compare *Springfield Safe Deposit & Trust Co.* v. *Friele*, 304 Mass. 224. And *Commissioner of Corporations & Taxation* v. *Second National Bank*, 308 Mass. 1, relied upon by the petitioner, is distinguishable. In that case an inter vivos trust was involved, and it was said that "the settlor-beneficiary and the life-tenant-beneficiary, having the entire equitable ownership of the trust fund, acting together could compel the termination of the trust" (page 11). There,

but not in the present case, the creator of the trust assented to its termination. See Scott on Trusts, § 338. We think that this is not a case for the allowance of costs and expenses.

*Decree affirmed.*