SPRINGFIELD SAFE DEPOSIT AND TRUST COMPANY, trustee, *vs.* EVA L. STOOP & others.

Hampshire.    September 20, 1950. — November 1, 1950.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Trust*, Distribution, Annuity, Charitable trust. *Annuity. Res Judicata.*

In a proceeding, to which the Attorney General was not a party, brought by the trustee of a trust established to pay certain annuities and at the termination of all of them to transfer the remaining trust property to a hospital and involving the issue whether, at a time before the termination of the annuities, surplus income not required for their payment should be paid to the hospital, a decision of this court that surplus income should not "be distributed at this time" was not a binding adjudication of the issue of its disposition when raised again several years later in a new proceeding by the trustee to which the annuitants, the hospital and the Attorney General were parties.

Following the establishment of a trust to pay certain annuities and at the termination of all of them to transfer the remaining trust property to a hospital, and the subsequent making of an agreement between the annuitants and the hospital providing for an increase in the amounts of the annuities and for payment of surplus income to the hospital, a decree should be entered approving such agreement and directing the administration of the trust in accordance therewith where it appeared that the Attorney General consented and that the earnings of the trust were such that there was little or no danger of any deficiency in income for the payment of the annuities.

PETITION for instructions, filed in the Probate Court for the county of Hampshire on December 15, 1949.

The case was reserved and reported by *Welch,* J.

In this court the case was submitted on briefs.

*J. H. Finn & W. H. Brownell,* for the respondent Cooley Dickinson Hospital, and *A. D. Morse,* for the respondents Eva L. Stoop and others.

*F. E. Kelly,* Attorney General, *G. J. Barry & L. E. Ryan,* Assistant Attorneys General, for the Attorney General.

LUMMUS, J. This is a petition for instructions by the trustee under the will of Chauncey H. Pierce, late of Northampton, who died on January 31, 1933. By his will the testator gave the residue of his estate to·the petitioner in trust to pay annuities of $1,200 to Calla I. Harvey (now deceased), $1,200 to Eva L. Stoop, $600 to Ellen V. Friele, and $800 to Anna W. Orne. At the termination of all the annuities the remaining residue was given to the Cooley Dickinson Hospital of Northampton.

At the death of the testator the residue consisted of personal property valued at $180,000, and real estate valued at $83,700. The real estate produced no net income. The present value of the trust fund is $334,000. The surplus income now amounts to about $124,000. The annual net income of the trust fund, including the income of the invested surplus income, is $13,800. The annuities now payable amount to only $2,600 a year.

On July 29, 1938, when the annuitants were the same as they are now, the trustee filed a petition for instructions as to the disposition of the surplus net income not required for the payment of the annuities. The Probate Court gave a decree for the payment thereof to the hospital, and the three annuitants appealed. This court reversed the decree, and instructed the trustee to retain the surplus income until the termination of all the annuities. *Springfield Safe Deposit & Trust Co.* v. *Friele,* 304 Mass. 224.

The present petition for instructions was filed on December 15, 1949. Since the earlier decision the following had happened. On August 22, 1949, the three annuitants and the hospital had agreed in writing under seal that the annuitants should receive, instead of the annuities provided for in the will, annuities of $2,000 each; that if need be the annuities should be payable from principal; and that the

balance of net income should be payable to the hospital. The agreement provided that it should become effective only upon its approval by this court or the Probate Court, or both. The three annuitants answered that they desired the approval of the court, as did the hospital. The Attorney General answered that "he is not adverse to the approval" of such agreement. The Probate Court reserved the case for this court. The three annuitants, the hospital, and the Attorney General, being all the parties interested, filed briefs in favor of the approval of the agreement.

In *Sears* v. *Choate*, 146 Mass. 395, 398, this court said, "There is no doubt of the power and duty of the court to decree the termination of a trust, where all its objects and purposes have been accomplished, where the interests under it have all vested, and where all parties beneficially interested desire its termination. Where property is given to certain persons for their benefit, and in such a manner that no other person has or can have any interest in it, they are in effect the absolute owners of it, and it is reasonable and just that they should have the control and disposal of it unless some good cause appears to the contrary." Restatement: Trusts, § 337 (1). On the other hand, "It is settled that where the testator has fixed the time for the termination of the trust, and where it is active and its purposes and objects have not been fully accomplished and its termination would not best accomplish the testator's intent, the trust cannot be terminated even with the approval of all parties in interest." *Whitney* v. *Whitney*, 317 Mass. 253, 257. *Allen* v. *First National Bank & Trust Co.* 319 Mass. 693, 695. Restatement: Trusts, § 337 (2). "The only safe generalization is that termination in whole or in part has been ordered where such termination would best accomplish the testator's intent." *Ames* v. *Hall*, 313 Mass. 33, 37. In the present case we see no indication that the testator's purposes require the continuance of the trust against the will of the parties in interest. In *Danahy* v. *Noonan*, 176 Mass. 467, the trustee had a continuing duty to provide for the support and education of the beneficiary. The pres-

ent case more nearly resembles *Welch* v. *Trustees of the Episcopal Theological School,* 189 Mass. 108, where the trustees were only to hold the property and make payments of income.

When the case reported in 304 Mass. 224 came before the court, the Attorney General was not a party. He represents the public in a charitable trust, and no determination of the rights of the public can be made in his absence. G. L. (Ter. Ed.) c. 12, § 8. *Burbank* v. *Burbank,* 152 Mass. 254, 256–257. He is now before the court, and with all other parties in interest consents to what is asked for. With his consent the annuities may be increased to provide the real income in purchasing power that the testator intended. *Society for Promoting Theological Education* v. *Attorney General,* 135 Mass. 285, 289. When the case was here before, the annuitants objected to any payments to the hospital, saying in their brief, "The testator intended that the trust should be preserved so that the annuities would be made secure." Events have now shown that the annuities are now earned several times over, and that there is little or no danger of any deficiency in income. The decision in the earlier case was merely that the surplus income should not "be distributed at this time" (page 230). The decision of the earlier case is not a binding adjudication of the present one. *Gerrish* v. *Gerrish,* 249 Mass. 219, 222. *Buyarsky, petitioner,* 322 Mass. 335, 339.

A decree is to be entered approving the agreement of August 22, 1949, directing that the trust be administered in accordance with that agreement, and instructing the trustee to pay to the hospital all the income accumulated to September 15, 1949, and all surplus income accruing thereafter not needed to pay the annuities and other expenses of administration.

*So ordered.*